## MATTER OF YOO

### In Deportation Proceedings

### A-12781759

### *Decided by Board April 4, 1969*

Respondent, who comes within the provisions of section 204(c), Immigration and Nationality Act, as amended, because of marriage fraud, is not thereby barred from adjustment of status under section 245 of the Act, as amended, where his current visa availability rests in the nonpreference classification for which no visa petition is required.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant (student)—remained longer.

ON BEHALF OF RESPONDENT:
Wellington Y. Kwan, Esquire
1250 Wilshire Blvd., Suite 100
Los Angeles, California 90017

ON BEHALF OF SERVICE:
William S. Howell
Trial Attorney
(Brief filed)

This case relates to a native and citizen of Korea, male, 34 years of age. He last entered the United States on or about September 1, 1962 and was admitted as a nonimmigrant student. He has been found deportable on the above-stated charge.

The case is before us on motion of the respondent requesting that the hearing be reopened to permit him to apply for adjustment of status under section 245 of the Immigration and Nationality Act. It is alleged in the motion that an application for adjustment of status was filed before the special inquiry officer on or about December 19, 1967. It is further alleged that the respondent is a graduate chemist and is within Group II of the occupations for which no labor certification is required as set forth in schedule A of 29 CFR, Part 60. A Form ES-575 A is attached with supporting documents.

The trial attorney at Los Angeles, California opposes the motion and has submitted a brief in opposition. The trial attorney refers to the fact that the motion is not accompanied by any petition to accord the respondent status as a third preference quota

alien, nor has any such petition ever been approved. The trial attorney alleges that the respondent would be ineligible to have a petition approved to accord him any such status because the record establishes that his status as a permanent resident alien was rescinded under section 246 of the Immigration and Nationality Act by the District Director on August 25, 1966 on the ground that the marriage which was the basis of the adjustment of his status in 1965 was entered into solely to obtain a nonquota status.

The case was before us on a motion to reconsider in December of 1968. We noted on that occasion that the evidence of record clearly established that the respondent's marriage to Elizabeth Rodriguez, a citizen of the United States, was not a bona fide one, having been entered into solely to obtain nonquota status.

The respondent married another citizen of the United States following the annulment of his marriage to Elizabeth Rodriguez on August 30, 1966. She filed a petition to have him accorded an "immediae relative" status on September 26, 1966. Counsel alleges that the application for adjustment of status, filed on or about December 19, 1967, was denied because the respondent did not have an approved visa petition filed in his behalf at that time. Counsel states that the nonpreference portion of the quota for Korea is now available on all applications filed prior to January 1, 1968 as set forth in Visa Bulletin No. 6 of the United States Department of State. Counsel argues that since the respondent is not required to present a labor certification pursuant to 212(a)(14) of the Act, he is eligible for adjustment of status based on the petition filed by his present wife.

We do not agree with counsel that the respondent is eligible for an adjustment of his status based on the petition filed by his present wife. We note, however, that Visa Bulletin No. 10, issued by the Department of State on March 10, 1969, shows that the nonpreference classification for Korea is current for the month of April 1969. While section 204(c) of the Immigration and Nationality Act may preclude the respondent's classification as an "immediate relative" or for a preference status, there is nothing in the statute or in the regulations promulgated pursuant thereto which bars a nonpreference classification for the respondent. The term "no petition" as used in section 204(c; refers to an alien's previous classification as a preference or as an immediate relative. It has no relation to a nonpreference alien who does not have to rely on a marriage to a United States citizen in order to obtain an immigration visa.

We find nothing in 8 CFR. 245.1 which precludes the adjust-

ment of the respondent's status since a nonpreference immigration visa appears to be available and the respondent appears to be eligible for a waiver under section 212(a)(14) of the Act. We will order the hearing reopened to permit further consideration of the respondent's application for adjustment of status in light of the foregoing opinion.

**ORDER:** It is directed that the hearing in this case be reopened for the purpose stated in the foregoing opinion.